UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ELIZABETH S. MALDONADO, on behalf of
a minor child,

                              **Plaintiff,**                        **19-CV-08074 (ER) (SN)**

         -against-                                    **ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff, on behalf of her minor child, applied for supplemental security income on February 11, 2016, and a decision was issued on her application on October 17, 2018. Between February 11, 2016, and October 17, 2018, the Social Security Administration revised the medical criteria for Listings 103.03 (effective October 7, 2017), and 112.11 (effective January 17, 2017). The ALJ, however, appears to have applied the prior Listings in his decision.

      For example, when analyzing N.L.M.B.'s ailments under Listing 103.03, the ALJ found that her asthma was not sufficiently severe to support a disability finding because she did not have "attacks requiring physician intervention occurring at least once every two months or at least six times per year in spite of prescribed treatment. She does not have persistent low-grade wheezing or growth impairment." R. 35. The applicable listing had been amended, however, on June 9, 2016. See 81 Fed. Reg. 37138-01, 2016 WL 3185335

(S.S.A. June 9, 2016).¹ That amendment, effective before the date the decision was issued, contained different language concerning the number of hospitalizations and symptoms than those cited by the ALJ. See id. The same is true for the ALJ's analysis of N.L.M.B.'s ADHD and Tic disorder. Compare R. 35 (finding that N.L.M.B. did not meet the Lisiting 112.11 for ADHD "because she does not have marked inattention, marked impulsiveness, and marked hyperactivity along with other appropriate age-group criteria"); and id. (finding that "there is no specific listing" addressing "the claimant's Tic disorder."); with 81 Fed. Reg. 66138-01, 2016 WL 5341732 (S.S.A. Sep. 26, 2016) (changing Listing 112.11 from "Attention Deficit Hyperactivity Disorder" to "Neurodevelopmental Disorders," and adding "tic disorders (such as Tourette syndrome" with specific symptoms and signs including "sudden, rapid, recurrent, non-rhythmic, motor movement or vocalization.").²

By February 1, 2021, the Commissioner is directed to advise the Court why this case should not be remanded for failure to apply the effective Listings. Respectfully, the Clerk of Court is directed to mail a copy of this Order to the Plaintiff.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 27, 2021
         New York, New York

---

1. The amendment for Listing 103.03 makes clear that the S.S.A. would "apply the final rules . . . *to claims that are pending on or after the effective date*. [FN3]" (emphasis added). At footnote 3, the S.S.A. further specifies that "we will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect the Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions."
2. The amendment to Listing 112.11 makes clear that "[w]hen the final rules become effective, we will apply them to . . . *claims that are pending on or after the effective date*. [FN1]." (emphasis added). At footnote 1, the S.S.A. specifies that "we will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect the Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions."