UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH MALDONADO, on behalf of a minor, N.L.M.B.,

                              Plaintiff,

– against –

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

**OPINION AND ORDER**

19 Civ. 8074 (ER)(SN)

Ramos, D.J.:

       Elizabeth Maldonado, proceeding *pro se* on behalf of her child N.L.M.B. ("N.L."), brought this action appealing the denial of N.L.'s application for supplemental security income benefits ("SSI"). On September 10, 2019, this matter was referred to Magistrate Judge Sarah Netburn. Doc. 8. On March 28, 2020, the Commissioner of Social Security (the "Commissioner") filed a motion for judgment on the pleadings. Doc. 19. On February 4, 2021, Judge Netburn issued a Report and Recommendation, recommending that the Commissioner's motion for judgment on the pleadings be denied and remanded for additional proceedings. Doc. 31. For the reasons discussed below, the Court adopts the Report and Recommendation in full and denies the Commissioner's motion.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

       The Court assumes familiarity with Judge Netburn's Report and Recommendation, which describes the facts underlying this case in more detail. *See* Doc. 31. The Court will recite only what is pertinent to this Opinion.

### a. The Social Security Administration Proceedings

Maldonado first filed an application for SSI on N.L.'s behalf on February 11, 2016, claiming N.L. was disabled due to speech delays, developmental delays, and asthma. AR 110.[1] The Social Security Administration denied this claim on May 12, 2016. AR 120.

Maldonado then sought and received a hearing before Administrative Law Judge ("ALJ") Sharif F. Nesheiwat on April 4, 2018. AR. 78. After ALJ Nesheiwat ordered a supplemental hearing, Maldonado and N.L appeared before ALJ Sommattie Ramrup ("the ALJ") on September 21, 2018. AR 51. At both hearings, Maldonado and N.L. testified with no other witnesses.

On October 17, 2018, the ALJ denied the request for SSI, finding that N.L. was not disabled under the Social Security Act (the "Act"). AR 32. As discussed in more detail in the Report and Recommendation, the ALJ was required to determine whether N.L. had "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The ALJ was required to follow a three-step inquiry to make this determination. First, she was required to determine whether N.L. was engaged in any "substantial gainful activity." *See* 42 U.S.C. § 1382c(a)(3)(C)(ii), 20 C.F.R. § 416.924(b). Second, if no substantial gainful activity was found, the ALJ was required to determine whether N.L. suffered from a "severe impairment." *See* 20 C.F.R. § 416.924(c). Third and finally, if a "severe impairment" existed, the ALJ was required to determine whether the impairment, or combination of impairments, "meet[s], medically equal[s], or functionally equal[s]" the criteria of an impairment listed in

---

[1] Citations to "AR _" refer to the Administrative Record.

Appendix 1 of the regulations to the Act (the "Listings"). 20 C.F.R. § 416.924(d). If the impairments did not meet or medically equal that of an impairment in the Listings, the ALJ was required to assess whether N.L.'s impairments were functionally equivalent to a Listing impairment by analyzing the impact of N.L.'s impairment on six practical "domains" of functioning. 20 C.F.R. § 416.926a(b)(1).[2]

The ALJ found that N.L. had not been engaged in substantial gainful activity. AR 34. She also found that N.L. had three "severe impairments" under the Act: asthma, attention deficit hyperactivity disorder ("ADHD"), and a "Tic disorder." AR 34. However, in applying the third step, the ALJ found that these impairments did not meet or medically equal the severity of an impairment in the Listings. AR 35. Specifically, the ALJ analyzed N.L.'s asthma under Listing 103.03, and her ADHD under listing 112.11. AR 35. The ALJ found that the tic disorder was not a listed impairment, but that the combined clinical findings did not rise to the level of an impairment contemplated in the Listings. *Id.* The ALJ also found that N.L.'s impairments did not functionally equal the severity of any impairments in the Listings by analyzing N.L.'s functional limitations in each of the six relevant domains. AR 35–45.

However, as Judge Netburn later recognized, the ALJ utilized an outdated version of the Listings in her analysis. The SSA promulgated revised Listings regarding Respiratory System Disorders on June 9, 2016, which became effective October 7, 2016. *See* 81 Fed. Reg. 37138-01, 2016 WL 3185335 (S.S.A. June 9, 2016). These revised Listings changed the criteria for asthma to require fewer hospitalizations within a 12-month period. The SSA also issued revised Listings regarding Mental Health Disorders on September 26, 2016, which became effective

---

[2] These domains are: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for oneself; and (vi) Health and physical well-being." *Id.*

January 17, 2017.  *See* 81 Fed. Reg. 66138-01, 2016 WL 5341732 (S.S.A. Sept. 26, 2016).  Among other changes, the revised Mental Health Disorder Listings changed the name of Listing 112.11 from "attention deficit hyperactivity disorder" to "neurodevelopmental disorders."  The SSA noted that this new Listing was designed to better comport with the latest version of the Diagnostic and Statistical Manual of Mental Disorders ("DSM-5"), and included "tic disorders."  *Id.*

After the ALJ's denial of N.L.'s claims, Maldonado appealed the ALJ's decision to the Appeals Council, which found no basis to review the decision.  AR. 1–6.

### b. Proceedings in this Court

Maldonado then filed suit in this Court on August 28, 2019 and this case was referred to Judge Netburn on September 10, 2019.  Docs. 1, 8.  The Commissioner filed a motion for judgment on the pleadings on March 28, 2020.  Doc. 19.

On January 27, 2021, Judge Netburn instructed the Commissioner to show cause why this matter should not be remanded due to the ALJ's failure to apply the effective Listings in the underlying administrative proceedings.  Doc. 29.  The Commissioner responded by letter on February 1, 2021, acknowledging that the ALJ "appears to have applied the prior versions of the listings, rather than the revised versions that were in effect at the time of the ALJ's October 2018 decision."  Doc. 30 at 2.  However, the Commissioner argued that remand was not warranted because substantial evidence would nevertheless support the ALJ's overall finding that N.L. had no impairment equaling the severity of any of the listed impairments in Appendix 1.  *Id.* at 3.  In support, the Commissioner argued that the new Listings contain sufficiently similar criteria to that already analyzed by the ALJ.  *Id.* at 3–4.  Thus, the Commissioner argued, any failure to apply the effective listings was harmless.  *Id.* at 4.

In her Report and Recommendation, Judge Netburn declined to find that the error was harmless. Doc. 31 at 18. Rather, she found that the legal error merited remand because the SSA's revisions to the Listings broadened the criteria for certain listings applicable to N.L, including by expanding Listing 112.11. *Id.* In such a case, Judge Netburn reasoned, it would be appropriate for the ALJ to consider the record in light of the new Listings.

Judge Netburn also noted that, in her appeal to the Appeals Council, Maldonado submitted additional evidence from N.L.'s Individualized Education Program ("IEP"), ranging from November 30 to December 14, 2018. *Id.* at 19. To promote efficiency, she recommended that the Court direct the ALJ to consider this evidence on remand, as well as any other unexamined evidence of N.L's impairments. *Id.*

The Commissioner filed its objection to the Report and Recommendation on February 26, 2021. Doc. 34. In this objection, the Commissioner made the same arguments that it made it in its February 1, 2021 letter in response to Judge Netburn's Show Cause order: That is, it argued that any error was harmless because substantial evidence still supported the ALJ's determination. *Id.* The Commissioner did not address Judge Netburn's recommendation that, on remand, the SSA be directed to consider the new evidence Maldonado wishes to submit.

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C);

*see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Watson v. Astrue*, No. 08 Civ. 1523 (DAB) (JCF), 2010 WL 1645060, at *1 (S.D.N.Y. Apr. 22, 2010) (clear error review applies when a party "reiterates the original arguments.") (citation omitted).

### III. DISCUSSION

#### a. The Applicable Standard of Review

Because the Commissioner's objections raise the same arguments set forth in its response to the Show Cause order, Judge Netburn's Report and Recommendation is subject to clear error review by this Court. *See Watson*, 2010 WL 1645060, at *1. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wu Lin v. Lynch*, 813 F.3d 122, 126 (2d Cir. 2016) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). While clear error review is deferential, it is less deferential than substantial evidence review, and the court or agency below must still provide specific, cogent reasons for its ruling. *Id.* at 127, 129.

### b. The Recommendation to Remand to the SSA

As discussed *supra*, Judge Netburn found the ALJ's determination that N.L. had never engaged in substantial gainful activity to be supported by substantial evidence. Doc. 31 at 12. She also found the ALJ's determination that N.L. had three severe impairments to be supported by substantial evidence. *Id.* at 13. The Commissioner does not object to these findings. The Court also finds no clear error and adopts these findings.

However, Judge Netburn also found that the ALJ erred in her analysis of the third step by using the previous versions of the Listings. *Id.* at 14–16. In addition to finding that this error impacted the ALJ's analysis of whether N.L.'s impairments met or medically equaled any impairment in the Listings, Judge Netburn found that this error tainted the ALJ's subsequent analysis of whether N.L.'s impairments were "functionally equal" to a Listing impairment. *Id.* at 18–19.

The Court finds no clear error in Judge Netburn's recommendation to remand the case on this basis. Rather, Judge Netburn was correct that reversal is warranted "where, for example, the ALJ applied the wrong Listing(s) of Impairments contained in Appendix 1 to the Social Security Regulations." *Rodriguez ex rel. V.R. v. Comm'r of Social Sec.*, No. 13 Civ. 2152 (ALC), 2014 WL 4792076, at *1 (S.D.N.Y. Sept. 25, 2014) (remanding for further consideration when the ALJ applied outdated Listing criteria); *see also Campos ex rel. Cruz v. Barnhart*, No. 01 Civ. 10005 (SAS), 2003 WL 21243036, at *7 (S.D.N.Y. May 28, 2003) (reversing decision where, *inter alia*, ALJ applied a Listing pertaining to children of the wrong age group); *Brown v. Barnhart*, 370 F. Supp. 2d 286, 290–91 (D.D.C. 2005) (remanding where ALJ failed to apply revised version of Listings).

In arguing otherwise, the Commissioner cites to several cases where courts in this Circuit found an ALJ's decision to be supported by substantial evidence, notwithstanding an ALJ's failure to adequately discuss the proper Listing criteria. *See, e.g.*, *Salerno v. Berryhill*, No. 19 Civ. 627 (KHP), 2020 WL 882006, at *5 (S.D.N.Y. Feb. 24, 2020); *Blau v. Berryhill*, 395 F. Supp. 3d 266, 279 (S.D.N.Y. 2019); *Salmini v. Comm'r of Social Sec.*, 371 F.App'x 109, 112–13 (2d Cir. 2010). However, no case relied on by the Commissioner addresses the more specific situation of an ALJ affirmatively applying *incorrect* Listings. *See, e.g.*, *Salerno*, 2020 WL 882006, at *5 (upholding ALJ's determination that no impairments met any Listing criteria when no express rationale was provided as to certain Listings); *Blau*, 395 F. Supp. 3d 266 at 379–80 (substantial evidence supported a finding that an impairment did not meet a certain Listing alleged by Plaintiff); *Salmini*, 371 F.App'x at 112–113 (same). In other words, the issue here is not whether substantial evidence supported the ALJ's conclusions regarding impairments alleged by Plaintiff under the Listings; it is whether the correct Listing criteria was applied to begin with. *Cf. Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999) (noting that remand may be appropriate when "there are gaps in the administrative record *or the ALJ has applied an improper legal standard*") (emphasis added) (citations omitted); *see also Rodriguez*, 2014 WL 4792076, at *1 (vacating and remanding due to application of outdated Listing criteria).

Because it is well-established that application of the incorrect legal standard is a basis for remand, Judge Netburn's recommendation to remand was not clearly erroneous.[3] *See Salerno*, 2020 WL 882006, at *2 ("An ALJ's failure to apply the correct legal standard constitutes reversible error if that failure may have affected the disposition of the case."). Moreover, Judge

---

[3] Moreover, for the reasons discussed in this Opinion and in Judge Netburn's Report and Recommendation, the Court would come to the same conclusion even if *de novo* review were applied.

8

Netburn's determination that the ALJ's legal error was not harmless was also not clearly erroneous. As noted in the Report and Recommendation, the revised Listings pertaining to N.L.'s impairments are defined more broadly than the Listings applied by the ALJ. Doc. 31 at 16. For instance, the revised Listings explicitly state that tic disorders must be analyzed under Listing 112.11. *See* 40 C.F.R. Pt. 404, Sub. P, App. 1 §§ 112.00 (B)(9)(a)–(c). This marks a change from the prior Listings, under which the ALJ concluded that "no specific listing" applied to N.L.'s tic disorder. AR 35. While it is possible that, on remand, the ALJ will reach the same conclusion as to the severity of N.L.'s impairments, it is also possible that the ALJ might come out differently. N.L. is entitled to have that determination made by the ALJ in the first instance. Thus, Judge Netburn's recommendation to remand the case was not clearly erroneous.

### c. The Recommendation to Permit Additional Evidence on Remand

The Commissioner did not object to Judge Netburn's recommendation that, if the case were remanded, Maldonado be permitted to submit N.L.'s IEP on remand, as well as any additional evidence of N.L.'s impairments. Thus, the Court adopts this recommendation as well. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (where no timely objection is made to a magistrate's report, the district court may adopt the magistrate's recommendation as long as there is no clear error on the face of the record).

### IV.   CONCLUSION

For the reasons discussed, the Court adopts Judge Netburn's Report and Recommendation in full.

The Commissioner's motion for judgment on the pleadings, Doc. 19, is DENIED. The Commissioner's decision denying N.L.'s application for SSI benefits is hereby VACATED and this action is REMANDED to the Commissioner for further proceedings consistent with this

Opinion.  On remand, the Commissioner is further instructed to consider N.L.'s IEP, as well as any additional evidence of her impairments.

      The Clerk of Court is respectfully directed to mail a copy of this Opinion to Plaintiff, and to enter judgment consistent with this Opinion.

      It is SO ORDERED.

Dated:   March 26, 2021
           New York, New York

                                                                        EDGARDO RAMOS, U.S.D.J.